### WARD v. SPEER et al.

HINES, J.   1. The plaintiff, claiming under a junior security deed from W. F. Hogg to him, filed his equitable petition attacking a prior security deed from W. F. Hogg to the Eady-Baker Grocery Company, on the ground that the latter deed was tainted with usury and void, and prayed that this prior security deed might be canceled, in order that he might have funds arising from the sale of the lands embraced in both deeds applied to his debt secured by his junior deed.   The plaintiff introduced evidence showing that on the book accounts between Hogg and the Eady-Baker Grocery Company, between 1902 and June 13, 1914, inclusive, there were various items charged to Hogg under the language, " interest 10 %."   The Eady-Baker Grocery Company claimed that under an agreement between it and Hogg, the latter was to pay the cash prices of merchandise, plus 10 per cent. as the time prices of goods bought by him from this company.   In some instances this 10 per cent was charged on balances brought forward from year to year.   On June 16, 1914, these book accounts were balanced by a cash payment of $2,590.70,   and closed.   The defendants introduced a note from Hogg to this company, for $6,130.88, dated November 25, 1907, and secured by a mortgage of even date; and a note from Hogg to this company, for $6,130.88, dated June 15, 1914, secured by a deed of even date. Neither of these notes was charged in the accounts of Hogg appearing on the books of this company.  There was no direct proof that this note of Hogg to this company embraced any part of these accounts, or that there was usury in it; but at the most, proof of circumstances, not strong enough to authorize this court to draw that conclusion, but from which the jury might or might not draw that conclusion.   There was no proof of the consideration of this note, except such circumstances. *Held,* that this court can not, as a matter of law, hold that a verdict should have been returned finding that the security deed of this company was tainted with usury and void.

2. The court did not abuse its discretion in " forcing " the plaintiff to go to trial before the production of all the books and other documentary evidence mentioned in his notice to the defendants to produce, it not appearing that these books and documents were not produced during the trial, and the character and relevancy of their contents not being shown; nor did the court err in requiring counsel to proceed with the trial before he had time to examine these books, a previous order of the court having been passed allowing the plaintiff to examine these books, and an examination thereof having been made by an accountant for the plaintiff before the trial, and no excuse being shown why his counsel had not examined the same prior to the time the case was called for trial.

3. The court did not err in admitting, over the objection of counsel for the plaintiff, the evidence set out in the seventh ground of the amendment to the motion for new trial.

4. Counsel for the plaintiff having expressly abandoned the fifth, sixth, and eighth grounds of the amendment to the motion for new trial, the same are not considered.

*Judgment affirmed.   All the Justices concur.*

No. 2477.   FEBRUARY 22, 1922.

Equitable petition. Before Judge Terrell. Troup superior court. December 31, 1920.

W. A. Ward filed his petition against Smith, sheriff of Troup county, Eady-Baker Grocery Company, the Troup Company, George A. Speer, J. G. Oglesby Jr., and W. F. Hogg, and made the following case: On January 4, 1915, W. F. Hogg was indebted to the plaintiff in the sum of $10,369.82, and to secure the payment of this sum he executed and delivered to Ward his deed conveying certain lands, subject to a prior mortgage deed to the Penn Mutual Life Insurance Company for $14,300, and to a mortgage deed in favor of Eady-Baker Grocery Company on which there was due approximately $15,000, and one to the Troup Company, on which was due about $8,000. On May 30, 1914, said Hogg, for the purpose of securing an indebtedness to George K. Johnson and J. W. Hamer as trustees, executed and delivered to them deeds of conveyances to the same tracts of land embraced in said deed to Ward. These trustees obtained judgment on said indebtedness against Hogg, and sold all the lands embraced in their deeds, except the home place of Hogg containing 240 acres. From the proceeds of this sale the judgment of said trustees was paid in full, and a balance was left in the hands of the sheriff. On June 15, 1914, Hogg executed and delivered to Eady-Baker Grocery Company his deed to the lands so conveyed to said trustees. This deed is alleged to have been given to secure the sum of $6,130.88. The latter company obtained a judgment against Hogg on said indebtedness. The debt or demand of the said Eady-Baker Grocery Company against Hogg is and was infected with usury, and the deed to secure its payment is therefore void. Eady-Baker Grocery Company is claiming under its deed the remainder of the proceeds arising from the sale of Hogg's lands embraced in the above deeds under the judgment of said trustees. On November 13, 1914, Hogg executed and delivered to the Troup Company his deed conveying to the said company, to secure $8,000, certain real estate therein described, embracing some of the tracts of land conveyed as above to the plaintiff. The Troup Company has reduced its claim to judgment, and claims a lien superior to that of plaintiff upon the lands embraced in his security deed. The debt due by Hogg to the Troup Company is tainted and affected with usury, and by reason thereof the deed from him to this company is void.

The fi. fa. issued upon the judgment in favor of the Eady-Baker Grocery Company against Hogg has been assigned and transferred to George A. Speer, who bought the same after maturity and is chargeable with all the equities to which his assignor was subject. The plaintiff is entitled to the fund remaining in the hands of the sheriff after the satisfaction of the fi. fa. in favor of Johnson and Hamer, trustees. Speer, transferee of the Troup Company, is threatening to levy upon said home place of Hogg. Plaintiff prays that the sheriff be restrained from paying out any of the proceeds of the sales of the lands of Hogg; that the Eady-Baker Grocery Company, Speer, and the Troup Company be enjoined from interfering with the present status, and from proceeding to transfer or levy or enforce any of their said claims against Hogg; and that the deed from Hogg to Eady-Baker Grocery Company and from Hogg to the Troup Company be decreed to be null and void.

By amendments the plaintiff set up the various items of usury embraced in the indebtedness of Hogg to Eady-Baker Grocery Company; that on March 4, 1919, he obtained judgment on his indebtedness against Hogg for $14,001.93; that the note of Hogg to Eady-Baker Grocery Company for $6,100.30 is void by reason of the fact that the sum of $900.35 was paid on said note at the time of its execution, as a scheme and device by which a greater sum might be collected than allowed by law; that various payments were made on said note, aggregating $1,145.84, which by error were included in the judgment on said note; that Hogg is insolvent; that there is embraced in said note $3,003 of usury; and the plaintiff prayed that said company and Speer be compelled to receive only the principal and legal interest due upon the fi. fa. issued upon the judgment obtained upon said notes. By another amendment he alleged that at the time Hogg executed said note to Eady-Baker Grocery Company he was indebted to said company in the sum of only $4,048.81, and that the balance of said note was without consideration.

Speer answered, denying usury in Hogg's note and security deed to Eady-Baker Grocery Company, and denying all payments on said note alleged by plaintiff. He denied that the plaintiff was entitled to the proceeds from the sales of Hogg's lands in the hands of the sheriff. He further set up that Ward received his deed from

Hogg subject to the indebtedness of Hogg to Eady-Baker Grocery Company.

On the trial the issues involved were submitted to the jury upon questions. They found that the deed from Hogg to Eady-Baker Grocery Company was not infected with usury; that there was no overcharge or error in the amount claimed on the fi. fa. in favor of Eady-Baker Grocery Company against Hogg; and that the items of ten per cent., which were added to the account of Hogg, were not interest, but made to cover the credit price of goods sold. The plaintiff filed his motion for a new trial, on the general grounds. By amendment he added five grounds numbered 4, 5, 6, 7, and 8. In the fourth ground he complained that the court forced him to trial before all of the books and other documentary evidence mentioned in his notice to produce had been produced (the notice to produce called for all books of Eady-Baker Grocery Company from 1902 to 1914, inclusive), and that the court erred in requiring plaintiff's counsel to proceed to trial without an opportunity to examine said books. An order had been granted by the court allowing the plaintiff to examine these books, which had been previously done by an auditor acting for the plaintiff.

The fifth, sixth, and eighth grounds of the amended motion are expressly abandoned by the plaintiff's counsel in his brief. In the seventh ground the plaintiff complained that the court erred in permitting S. M. Fuller to testify as to the purpose and meaning of an entry of $4,084.81 upon the ledger of the Eady-Baker Grocery Company on August 29, 1917; and to testify in answer to a question if this entry referred to the amount he got on the fi. fa. Counsel for plaintiff objected to this testimony, on the ground that the writing was the highest and best evidence.

*Richard B. Russell, Henry Reeves,* and *Robert L. Russell,* for plaintiff.

*Hatton Lovejoy* and *L. B. Wyall,* for defendants.